# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID KALK,
    Petitioner,

v.                                    Case No. 06-C-0458

JUDY SMITH,
    Respondent.

## ORDER

On April 4, 2006, David Kalk filed this petition pursuant to 28 U.S.C. § 2254 asserting that a biased panel denied his parole in violation of the Due Process Clause of the Fourteenth Amendment. Petitioner was convicted of battery of a DOC parole officer. He is currently incarcerated at Oshkosh Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

According to petitioner's petition, he was charged and convicted of battery for injuring a DOC parole officer, and received the maximum sentence for the conviction. Petitioner asserts that, despite an excellent prison record, the DOC arbitrarily denied his parole. He contends that a conflict of interest exists among those making the determination regarding his parole thus constituting a violation of his due process rights.

As relief, petitioner seeks an order requiring a non-biased, non-prejudiced hearing from the parole commission.

The Due Process Clause requires that an individual be afforded a "fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of his particular case." Bracy v. Gramley, 520 U.S. 899, 904-05 (1997). Further, "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." Foucha v. Louisiana, 504 U.S. 71, 80 (1992).

Thus, petitioner has alleged at least colorable constitutional law issues and I will allow him to proceed further.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as

follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed by certified mail to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 21 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge