# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID KALK,
      Petitioner,

  v.                                                          Case No. 06-C-0458

JUDY SMITH,
      Respondent.

## DECISION AND ORDER

Petitioner David Kalk filed this petition pursuant to 28 U.S.C. § 2254 asserting that a biased panel denied his parole in violation of the Due Process Clause of the Fourteenth Amendment. Respondent now moves to dismiss, arguing that petitioner procedurally defaulted by failing to exhaust his state court remedies

According to petitioner's petition, he was charged and convicted of battery for injuring a DOC parole officer, and received the maximum sentence for the conviction. Petitioner asserts that, despite an excellent prison record, the DOC arbitrarily denied his parole. He contends that a conflict of interest exists among those making the determination regarding his parole thus constituting a violation of his due process rights. As relief, petitioner seeks an order requiring a non-biased, non-prejudiced hearing from the parole commission.

A state prisoner must exhaust his state court remedies before he may seek relief by means of a federal habeas petition. Rodriguez v.. Scillia, 193 F.3d 913, 916 (7th Cir.1999); 28 U.S.C. § 2254(b)(1). "Exhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry,

513 U.S. 364 (1995). In order to satisfy the exhaustion requirement, a Wisconsin prisoner seeking to challenge an administrative decision revoking his probation or parole must first present his claims to the state courts by means of a petition for a writ of certiorari. Wis. Stat. § 302.11(1g)(d); see also U.S. v. Mittelsteadt, 790 F.2d 39, 41 (7th Cir. 1986) (noting that a prisoner must exhaust his administrative remedies before the Parole Commission before he is eligible for habeas corpus relief).

Here, petitioner admits that he did not file a writ of certiorari, but contends that he did not do so because (1) the filing fee would be expensive; and (2) filing a writ would be futile because Wisconsin courts do not have the power to provide the relief he seeks. However, Wisconsin courts reviewing a certiorari challenge to parole revocation or denial may consider "(1) whether the agency stayed within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable, representing its will, not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question." State ex rel. Riesch v. Schwarz, 278 Wis.2d 24, 30 (2005). Such review would require that the court consider whether the parole board had a reasonable basis for its decision, thus petitioner must first present such claim to the state court. Further, as to petitioner's allegation that the filing fee is prohibitive, Wisconsin provides an avenue for indigent prisoners to apply for waiver of prepayment costs and fees. See Wis. Stat. § 801.02(7)(c, d).

Because it is possible that petitioner may still be able to file a writ of certiorari challenging the decision of the parole board, I will dismiss his case without prejudice.

Therefore, for the reasons stated

**IT IS ORDERED** that respondent's motion to dismiss is **GRANTED** and petitioner's petition is **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin this 22 day of January, 2007.

/s_____
LYNN ADELMAN
District Judge